**PAYTON EMPLOYMENT LAW, PC**
CHANTAL MCCOY PAYTON, ESQ. (SBN: 293215)
LAUREL N. HOLMES, ESQ (SBN: 308515)
3807 W. Sierra Highway, Suite 206
Acton, California 93510
Telephone: (661) 434-1144
Facsimile: (661) 434-1144
CPayton@PaytonEmploymentLaw.com
LHolmes@PaytonEmploymentLaw.com

Attorneys for Plaintiff ALYCE FOGARTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYCE FOGARTY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>360 DEGREE CUSTOMER, INC., a California corporation; GULNEESH MUKHIJA, an individual; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive,<br><br>Defendants. | Case No.:<br><br>**Plaintiff's Complaint For:**<br><br>1. **Failure to Pay Overtime Wages;**<br>2. **Failure to Pay Minimum Wages;**<br>3. **Failure to Pay Wages Promptly After Termination/Waiting Time Penalties;**<br>4. **Liquidated Damages for Failure to Pay Minimum Wages;**<br>5. **Unfair Business Practices;**<br>6. **Failure to Pay Minimum Wage in Violation of the FLSA 29 U.S.C. § 206; Action for Liquidated Damages;**<br>7. **Failure To Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. §§ 201, et Seq., Including 29 U.S.C. §§ 207;**<br>8. **Breach of Written Contract; and**<br>9. **Breach Of Oral Contract**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Alyce Fogarty ("Plaintiff") hereby files this Complaint against 360 Degree Customer, Inc., a California corporation, Gulneesh Mukhija, an individual, and DOES 1-30 (collectively "Defendants" or "Employers"). Plaintiff is informed and believes, and based thereon alleges, as follows:

## I. INTRODUCTION

1. Plaintiff files this action to recover damages and remedies afforded to her by law for violations of the California Business & Professions Code, the California Labor Code, the Fair Labor Standards Act of 1938 ("FLSA"), and California common law arising from Defendants' unlawful practices against Plaintiff.

2. Plaintiff brings this action against Defendants for Failure to Pay Overtime Wages, Failure to Pay Minimum Wages, Liquidated Damages for Failure to Pay Minimum Wages, Failure to Provide Compliant Wage Statements, Failure to Pay Wages Promptly after Termination/Waiting Time Penalties, Unfair Business Practices, statutory damages and penalties, punitive damages, prejudgment interest, costs, attorneys' fees, and other appropriate relief for Defendants' unlawful conduct.

## II. PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Alyce Fogarty is an individual who resided and was employed in the County of Riverside, State of California by Defendants therein during the relevant period.

4. At all times herein mentioned, Defendant 360 Degree Customer, Inc. was and is a corporation doing business in California, including the County of Riverside. At all times herein mentioned, Defendant Gulneesh Mukhija was and is an individual doing business in California, including the County of Riverside.

5. At all times herein mentioned, DOES 1 through 30 were headquartered or residing in the State of California, and licensed to do business or actually doing business therein, including the County of Riverside.

6. The true names and/or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 30, inclusive, are unknown

to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably thereby to Plaintiff as hereinafter alleged. Plaintiff asks leave of the Court to amend this Complaint when the true names and capacities of the DOE Defendants have been ascertained.

7. Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants as each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said acts.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

9. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California Labor Code, the Unfair Competition Law, and California common law form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with her federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

10. Pursuant to 28 U.S.C. § 1391, venue is proper in this district because the unlawful employment practices alleged herein giving rise to this action occurred in the Central District of California, and the County of Riverside, California.

### III. PERSONAL LIABILITY AND ALTER EGO ALLEGATIONS

11. Upon information and belief, Defendant Gulneesh Mukhija is the owner, director, officer, and/or managing agent of 360 Degree Customer, Inc., acting on behalf of 360 Degree Customer, Inc., who violated, or caused to be violated,

provisions regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, and sections 203, 226, 226.7, and 1194, who for purposes of Labor Code § 558.1, may be held liable as the employer for such violations.

12. Plaintiff is informed and believes and based thereon alleges that Defendant Gulneesh Mukhija at all times mentioned herein did completely control, dominate, manage, and/or operate 360 Degree Customer, Inc. as his alter ego, such that any separateness between them has ceased to exist and recognition of the form of 360 Degree Customer, Inc. would operate as a sham because it is the alter ego of Defendant Gulneesh Mukhija.

13. Plaintiff is further informed and believes and thereon alleges that at all relevant times, there existed a unity of interest and ownership between the Defendants such that any individuality and separateness between them has ceased because 360 Degree Customer, Inc. was a mere shell, instrumentality, and conduit through which Defendant Gulneesh Mukhija carried on his business, exercising complete control and dominance over said business such that any individuality and separateness did not exist, assets were comingled, or Defendant Gulneesh Mukhija used such corporate assets for his personal use, and/or intermingled assets, liabilities, and obligations between them.

14. It would sanction a fraud or promote injustice to uphold the corporate entity of 360 Degree Customer, Inc. and allow Defendant Gulneesh Mukhija to escape liability for his wrongdoing.

### IV.   FACTUAL ALLEGATIONS

15. Ms. Fogarty began working for 360 Degree in August 2019 in the position of a Speech-Language Pathologist at the Palo Verde Unified School District (the "School District or the "School") until her termination in June 2020.

16. Plaintiff accepted Defendants' offer of employment, thereby creating a contract for her employment with Defendants on August 22, 2019. A true and correct copy of

this contract, which sets forth the terms of employment is attached hereto as "Exhibit A" (the "Contract").

17. While employed with Defendants as a Speech-Language Pathologist, Plaintiff was to be compensated in accordance with a written contract.

18. Defendants breached the aforementioned contract by failing to compensate Plaintiff all wages due to her under the Contract.

19. In accordance with this Contract, Plaintiff was to be paid $81,800 per year, with $50,000.00 as salary and $31,8000 tax free as boarding, legal, meals, and incidentals. Under the Contract, she was also promised, a $650 bonus for each month of work completed.

20. During her employment, she was responsible for a wide range of tasks at the School, including creating and writing Individualized Education Plans ("IEPs") for students; meeting with teachers, parents, and educators to discuss IEPs and Transitions; ensuring that parents and future educators were informed of their child's/student's progress; advocating for the full resolution of parents' and educators' concerns and questions; meeting with other team members regarding correspondence to the parents; and other similar responsibilities. Throughout her employment, Ms. Fogarty was a diligent and successful employee.

21. Ms. Fogarty was placed at and worked at Palo Verde Unified School District through 360 Degree. Ms. Fogarty was to be paid a flat salary of $2,083.33 twice per month. She was paid such a salary throughout her employment through the pay period ending on March 15, 2020 (which was paid on March 20, 2020), after which she received no wages.

22. From the start of her assignment in August 2019 until March 2020, Ms. Fogarty physically worked at her assigned location for the school district. In March 2020, due to the COVID-19 pandemic, Ms. Fogarty was informed that that the school would not have the students return after the spring break closure. Ms. Fogarty went back to Palo Verde for a few days in early April (April 6th through April 8th) to complete most of

1  the pending tasks and took the remaining tasks home to complete.

2  23.    While Ms. Fogarty was at the school, she also spoke with Cindy Floyd, the Program Director, about working on these remaining tasks remotely. They discussed that Ms. Fogarty would continue to work from home on the remaining items and then Ms. Fogarty would return the files and her laptop at the end of April 2020. Ms. Fogarty and Ms. Floyd were not able to meet at the end of April, but Ms. Fogarty returned to the school on May 12, 2020, and met with Ms. Floyd to return the files and laptop that were still in her possession. Later that same day Mr. Singh reached out to her and told Ms. Fogarty to submit her timesheets for the time she worked in April so that she could be compensated. Ms. Fogarty submitted her timesheet for April 2020 the same way she submitted each of her timesheets since the start of her assignment in August 2019.

24.    The next day, on May 13, 2020, a teacher called Ms. Fogarty to discuss her attending a meeting about a student that Ms. Fogarty would normally work with in her position as a Speech-Language Pathologist. From that point on, Ms. Fogarty continued to be contacted to work with teachers and students on various tasks through the end of the month of June 2020.

25.    From May 2020 through the end of June 2020, Ms. Fogarty attended virtual meetings with Mr. Singh and/or Ms. Floyd. Ms. Fogarty worked from home during this time, creating individualized educational plan meetings, attending transition meetings with principals, teachers, and parents to assist children transitioning from pre-school to kindergarten, writing individualized educational plans, interacting with different teachers, and other tasks in her role as a pathologist. Ms. Fogarty worked on her personal computer and used her home equipment to complete the work.

26.    Since Ms. Fogarty was working remotely, she sent a time accountability form each week to Mr. Singh's administrative assistant, Hailey Wolfinbarger, documenting her work hours starting in May 2020. During the same time, Ms. Fogarty had several contacts with 360 Degree about the time she spent working in April, May, and June.

27.    Several months passed without Ms. Fogarty being paid for her work and

- 5 -
**PLAINTIFF ALYCE FOGARTY'S COMPLAINT**

notwithstanding Ms. Fogarty's inquiries and requests to be paid as promised under her contract. Eventually, on September 18, 2020, Mr. Singh set up a Zoom meeting with himself, Ms. Floyd, and Ms. Fogarty to discuss Ms. Fogarty's compensation. The following day, Ms. Fogarty was told that authorization of her overdue payments was being processed. Ms. Fogarty requested confirmation of the payments in writing. The confirmation was sent to Ms. Fogarty in November 2020.

28. Ms. Fogarty did not receive any of the wages owed to her for April, May, or June of 2020, even after everything was approved for payment by the school, the Superintendent, Ms. Floyd, and Mr. Singh, and submitted to 360 Degree. Ms. Fogarty contacted 360 Degree, explaining that the authorization for the payment had been completed and again requesting the payment she was due. 360 Degree responded that Ms. Fogarty needed to submit her timesheets from April 2020 through June 2020 with either Ms. Floyd's or Mr. Singh's signatures again, even though she has already done so. Nonetheless, Ms. Fogarty made a good faith effort to comply with 360 Degree's request and notified Ms. Floyd that she had still not been paid and needed Ms. Floyd to sign her timesheets a second time.

29. After Ms. Floyd and Mr. Singh again reviewed, discussed, approved, and signed Ms. Fogarty's timesheets, Ms. Fogarty finally succeeded in resubmitting them to 360 Degree in the middle of November 2020.

30. Despite Ms. Fogarty's diligent efforts to do everything in her power and as requested by 360 Degree to obtain the past-due compensation due to her, 360 Degree has to date failed to pay Ms. Fogarty *any* of the wages owed to her for her work from April 2020 through the end of June 2020 as promised under her Contract and as Defendants verbally promised would be paid on numerous occasions.

31. Throughout Ms. Fogarty's employment, she regularly worked more than 40 hours per week and/or 8 hours per day and was not paid any additional compensation for the overtime hours worked. She was paid a salary of $50,000 per year, which was not at least twice the California minimum wage for full time employment. As a result

of her salary being below the California minimum salary requirement for exempt employees under the applicable Wage Order, Ms. Fogarty was not properly classified as an exempt worker. Thus, Ms. Fogarty is owed overtime wages for all overtime hours worked.

32. 360 Degree's and the School District's management were well aware that Ms. Fogarty was regularly working overtime, yet instructed her not to report more than 8 hours per day on her timesheets, and 360 Degree never paid her for all of her overtime hours worked.

33. 360 Degree also terminated Ms. Fogarty's future employment promised under Contract by failing to continue her employment, including into the 2020-2021 school year and beyond, without providing Ms. Fogarty with the requisite 45-day notice required under the Contract. In doing so, 360 Degree further breached the Contract.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### LABOR CODE §§ 204, 510, 1194, AND WAGE ORDER 4-2001
### (Against all Defendants)

34. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

35. California Labor Code § 510 et seq. and Wage Order 4 state that an employee must be paid overtime, equal to one and one-half (1 ½) times the employee's regular rate of pay, for all hours worked in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight (8) hours worked on the seventh day of work in any one workweek.

36. California Labor Code § 510 et seq. and Wage Order 4 also states that any work in excess of twelve (12) hours in one day or in excess of eight (8) hours on the seventh day of work in any one workweek shall be compensated at the rate of no less than twice the regular rate of pay for a non-exempt employee.

- 7 -
**PLAINTIFF ALYCE FOGARTY'S COMPLAINT**

37. Plaintiff is entitled to bring a civil action to recover on claims involving failure to pay overtime pursuant to Labor Code §§ 510, 204, and 1194.

38. Plaintiff, a non-exempt employee of Defendants who was improperly classified as an exempt employee, regularly worked more than forty (40) hours per week and/or eight (8) hours per day, but was not paid overtime wages for such work.

39. Defendants have failed and refused to pay overtime compensation to Plaintiff.

40. Pursuant to California Labor Code § 1194, Plaintiff is entitled to recover her unpaid overtime compensation and interest thereon, plus attorneys' fees and costs, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
## LABOR CODE §§ 1194, 1197, 1197.1, AND WAGE ORDER 4-2001
### (Against All Defendants)

41. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

42. California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Order 4 entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

43. Plaintiff, a non-exempt employee of Defendants who was improperly classified as an exempt employee was not paid at least minimum wage at each statutory pay period for every hour worked.

44. Defendants have failed and refused to pay minimum compensation to Plaintiff.

45. As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and Wage Order 4 for failure to pay minimum wage, Plaintiff is entitled to recover unpaid minimum wage compensation and interest thereon, plus attorneys' fees and costs, in an amount to be proved at trial.

# THIRD CAUSE OF ACTION

# FAILURE TO PAY WAGES PROMPTLY AFTER TERMINATION/WAITING TIME PENALTIES

# LABOR CODE §§ 201 AND 203

**(Against all Defendants)**

46. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

47. California Labor Code § 201 requires employers to pay all compensation due and owing to their employees immediately upon termination.

48. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Section 201 or 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

49. Defendants, terminated the employment relationship with Plaintiff, failed to pay all of Plaintiff's wages due promptly upon her termination as proscribed by Labor Code § 201. To date, the Defendants have still not paid Plaintiff all earned wages.

50. Plaintiff is informed and believes and based thereon alleges that the Defendants willfully failed to pay Plaintiff's wages pursuant to the requirements of Labor Code § 201, and therefore Plaintiff is entitled to recover unpaid wages, waiting-time penalties under Labor Code § 203, plus attorneys' fees and costs, in an amount to be proven at trial.

# FOURTH CAUSE OF ACTION

# LIQUIDATED DAMAGES FOR FAILURE TO PAY MINIMUM WAGES

# LABOR CODE § 1194.2

**(Against All Defendants)**

51. Plaintiff re-allege and incorporate by reference the foregoing allegations as though set forth herein.

52. Pursuant to Labor Code § 1194.2, in any action under Section 1194 to recover

wages as a result of payment less than the minimum wage fixed by order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

53. Pursuant to Wage Order § 4, as well as Labor Code § 1194, Plaintiff was not paid at least the minimum wage at each statutory pay period for every hour worked.

54. Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon, plus attorneys' fees and costs, in an amount to be established according to proof at trial.

## FIFTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## BUS. & PROF. CODE §§ 17200, ET SEQ.
### (Against All Defendants)

55. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

56. Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

57. Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

58. Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200, *et seq.* by failing to pay overtime wages and minimum wages and failing to furnish timely and accurate wage statements.

59. The above-described unlawful actions of such Defendants constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code §§ 17200, *et seq*.

60. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate

remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a member of the general public as a representative of all others subject to Defendants' unlawful acts and practices.

61. As a result of their unlawful acts, such Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the general public.

62. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages, pursuant to Business and Professions Code § 17200, *et seq*. Plaintiff is informed and believes, and thereupon alleges, Defendants are unjustly wages, enriched as a result of their failure to pay overtime wages, double-time wages, and minimum to provide meal and rest breaks, to furnish timely and accurate wage statements.

63. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff is severely prejudiced by Defendants' unfair trade practices.

64. As a direct and proximate result of the unfair business practices of Defendants, Plaintiff is entitled to equitable and injunctive relief, including full restitution, disgorgement, and/or specific performance of payment of all wages and pay that have been unlawfully withheld from Plaintiff, as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA
### 29 U.S.C. § 206; ACTION FOR LIQUIDATED DAMAGES
**(Against All Defendants)**

65. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

66. The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., applied to Plaintiff's employment with Defendants at all times relevant herein.

67. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), mandates that employers

pay all non-exempt employees no less than the minimum wages for their work. Section 218 of the FLSA, 29 U.S.C. § 218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum.

68. Plaintiff was not exempt from the requirement that Defendants pay her minimum wage under the FLSA.

69. During the relevant period, Defendants did not pay Plaintiff for all hours Defendant directed, engaged, suffered or permitted her to work for it.

70. Defendant failed to pay Plaintiff Fogarty any wages, as owed, for her work performed in April, May, and June of 2020, thus Defendant failed to pay at least minimum wages.

71. As a result of Defendants' failure to pay Plaintiff during that time for wages owed, she did not receive the at least the minimum wage for such hours worked performed.

72. Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff the minimum wage for all her hours worked in violation of the FLSA.

73. In addition, and distinctly, Defendant failed to pay Plaintiff for work performed, on a timely or prompt basis, but instead delayed payment for months or more at a time. As a result of such delay, Defendant failed to pay Plaintiff and the FLSA Class as required under the requirements of the FLSA for such time and is therefore liable for liquidated damages in an amount equal to the wages not promptly paid.

74. Because of Defendants' unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover her unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

///
///
///

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 201, ET SEQ., INCLUDING 29 U.S.C. §§ 207

### (Against All Defendants)

75. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

76. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

77. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees, such as Plaintiff, at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

78. Plaintiff was not exempt from the provisions of the FLSA during April, May, and June of 2020 and Plaintiff was an employee of Defendants during that relevant period. Thus, Plaintiff is entitled to overtime compensation for all overtime hours worked.

79. Defendants did not pay Plaintiff for hours worked, including hours that exceeded forty hours per week.

80. At all relevant times, Plaintiff regularly worked in excess of 40 hours per week.

81. By requiring Plaintiff to work in excess of forty hours per week Defendant incurred the obligation to pay Plaintiff at a rate of not less than one and one-half times the regular rate of pay for such work performed, however, Defendants failed to do so and violated, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1).

82. Defendants' violations, at all relevant times, were both knowing and willful within the meaning of the FLSA because, among other reasons, Defendants have had actual and/or constructive knowledge of Plaintiff working overtime hours for which she has not been compensated at the rate of no less than one and one-half times her regular rate of pay.

83. Defendant's violations of the FLSA, including its failure to pay Defendants for time worked, were both knowing and willful within the meaning of the FLSA.

84. Because of Defendants' unlawful failure and refusal to pay Plaintiff overtime wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover her unpaid overtime wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## EIGHTH CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT
### (Against All Defendants)

85. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

86. Plaintiff entered into a contract with Defendants for her work performed for Defendants, the terms of which are set forth in the attached Exhibits A (the "Contract").

87. Defendants breached the aforementioned contract by failing to compensate Plaintiff all wages due to her under the Contract and terminating Plaintiff's employment without providing Plaintiff with the requisite 45-day notice required under the Contract.

88. Defendants' breach of their contractual obligations caused harm to Plaintiff in that Plaintiff is to date still owed wages due to her under the Contract.

89. Plaintiff suffered damages as a result of the breach in an amount to be determined according to proof at trial.

## NINTH CAUSE OF ACTION
## BREACH OF ORAL CONTRACT
### (Against All Defendants)

90. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

91. Defendants orally promised Plaintiff on several occasions that they would

compensate her for past-due wages and future wages due to her under her written Contract.

92. Plaintiff, in reliance on such promises, Plaintiff continued to work for Defendants.

93. Defendants' breach of their contractual obligations caused harm to Plaintiff in that Plaintiff is to date still owed wages due to her under the Contract. Plaintiff suffered damages as a result of the breach in an amount to be determined according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

1. An award of damages in the amount of unpaid wages (including overtime and unpaid minimum wage compensation), liquidated damages thereon, interest, and penalties subject to proof at trial;

2. For all actual, consequential and incidental financial losses including lost wages, lost employment benefits, mental and emotional distress, and other special and general damages according to proof at trial;

3. Waiting time penalties pursuant to Labor Code section 203;

4. For an award of Plaintiff's attorneys' fees and costs under applicable statutory bases, including Civil Code § 3294, Labor Code § 1194, and for prejudgment interest under Civil Code § 3287 or 3288, and other applicable statutory bases;

5. For an injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them from engaging in each of the practices complained of in this Complaint; and

///
///
///
///

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 15, 2022    **PAYTON EMPLOYMENT LAW, PC**

By: *C. Payton*
Chantal McCoy Payton, Esq.
Laurel N. Holmes, Esq.
Attorneys for Plaintiff
ALYCE FOGARTY

## DEMAND FOR JURY TRIAL

Plaintiff ALYCE FOGARTY hereby demands a jury trial for the causes of action set forth herein.

Dated: March 15, 2022    **PAYTON EMPLOYMENT LAW, PC**

By: *C. Payton*
Chantal McCoy Payton, Esq.
Laurel N. Holmes, Esq.
Attorneys for Plaintiff
ALYCE FOGARTY